**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
Case No.

COASTAL BREWING COMPANY LLC,

    Plaintiff,

v.

DUE SOUTH BREWING CO. INC.,

    Defendant.

_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, COASTAL BREWING COMPANY LLC ("Plaintiff" or "Coastal Brewing"), by and through undersigned counsel, hereby brings this Complaint for Declaratory Judgment against Defendant, DUE SOUTH BREWING CO. INC. ("Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment arising from Defendant's cease-and-desist letter of June 2, 2021 and other allegations of infringement that it has made against Coastal Brewing, including allegations that Coastal Brewing has engaged in acts of trademark infringement.

2. Plaintiff seeks declarations that: (1) Defendant lacks any protectable trademark rights under federal law due to trademark invalidity; (2) Defendant lacks any protectable trademark rights under Florida law due to trademark invalidity; (3) Defendant lacks any protectable trademark rights under federal law due to abandonment for failure to police or for naked licensing; (4) Defendant lacks any protectable trademark rights under Florida law due to abandonment for failure to police or for naked licensing; (5) Plaintiff's use of CAT 5 KEY LIME LAGER or variations or components thereof does not amount to trademark infringement or unfair competition

under federal law, and does not otherwise violate any provisions of 15 U.S.C. § 1125 of the Lanham Act; and (6) Plaintiff's use of CAT 5 KEY LIME LAGER or variations or components thereof does not amount to trademark infringement or unfair competition under Florida law.

## THE PARTIES

3. Plaintiff is a limited liability company organized under the laws of Delaware with a principal place of business at 1284 McD Drive, Dover, Delaware 19901.

4. Upon information and belief, Defendant is a corporation organized under the laws of Florida, with a principal place of business in this district at 2900 High Ridge Road #3, Boynton Beach, Florida 33426.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202 to declare the rights of any party seeking a declaration, and subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, because this action arises from Defendant's claim that Coastal Brewing's use of CAT 5 KEY LIME LAGER or variations or components thereof infringe Defendant's purported common law trademark rights. The Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. The Court has personal jurisdiction over Defendant because it resides in the Southern District of Florida, and specifically in Palm Beach County.

7. The Court has general personal jurisdiction over Defendant because Defendant is incorporated in the State of Florida. The Court also has personal jurisdiction over Defendant under Fla. Stat. § 48.193(1)(a) because Defendant resides in this State and/or is operating, conducting, engaging in, or carrying on a business or business venture in this state. The Court has personal jurisdiction over Defendant also under Fla. Stat. § 48.193(2) because Defendant has engaged in

substantial and not isolated activity within the State.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1), 1391(c), and 1391(d) because Defendant resides in this District and/or is operating, conducting, engaging in, or carrying on a business or business venture in this District. Venue is proper also under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

### Plaintiff Coastal Brewing

9. Coastal Brewing operates a craft brewery in Dover, Delaware that brews lagers, ales, pale ales, stouts, sours, and other craft beers for sale and distribution in interstate commerce.

10. Coastal Brewing uses CAT 5 KEY LIME LAGER on and in connection with a year-round lager with a 4.2% alcohol by volume ("ABV"), made with Glacier and Perle hops, and characterized as light-bodied and refreshing with a subtle key lime flavor. Below is an accurate depiction of the Plaintiff's CAT 5 KEY LIME LAGER product, which displays a "Coastal Brewing Company" house mark above CAT 5 KEY LIME LAGER.



11. Coastal Brewing expanded its use of CAT 5 KEY LIME LAGER into Florida, which has included marketing and sales of the products in this district, in Key West, Florida.

**Defendant Due South Brewing**

12. Upon information and belief, Defendant operates a craft brewery in Boynton Beach, Florida, that brews approximately ten beers.

13. One of Defendant's beers at issue, CATEGORY 5 INDIA PALE ALE, is an India Pale Ale ("IPA") with an 8.5% ABV, made with Citra, Cascade, Columbus, Centennial, and Chinook hops, and characterized by Defendant as "an Imperial IPA that is big on hops, big on malts, and big on flavor. Clocking in at 8.5% ABV and 96 IBU's, this beer is a force to be reckoned with. Use of caution is advised."

14. Additionally, Defendant offers a beer labelled CATEGORY 3 INDIA PALE ALE, which is an IPA with a 6.1% ABV, made with Cascade, Columbus, Centennial, and Chinook hops.

15. Upon information and belief, below are depictions of Defendant's CATEGORY 5 INDIA PALE ALE and CATEGORY 3 INDIA PALE ALE products, which display a "Due South Brewing Co." house mark above CATEGORY 5 INDIA PALE ALE and CATEGORY 3 INDIA PALE ALE.

[*remainder of page intentionally left blank*]

 

16. Upon information and belief, Defendant does not own a state or federal trademark registration for CATEGORY 3 INDIA PALE ALE or CATEGORY 5 INDIA PALE ALE.

17. Upon information and belief, Defendant engages in minimal promotion of CATEGORY 3 INDIA PALE ALE or CATEGORY 5 INDIA PALE ALE.

18. Upon information and belief, Defendant's CATEGORY 3 INDIA PALE ALE and CATEGORY 5 INDIA PALE ALE have received de minimis media coverage.

19. Upon information and belief, Defendant's sales of CATEGORY 5 INDIA PALE ALE are low compared to its other offered beers.

20. Upon information and belief, Defendant does not sell any product that is labelled "CAT 5."

**Third-Party Use**

21. Upon information and belief, term(s) comprising the word "category" with a

5

number, including CATEGORY 5, are commonly used in the alcoholic beverage industry to categorize products in generic or merely descriptive contexts, and such terms, including CATEGORY 5, have been widely and extensively used by third parties across the entire spectrum of alcoholic beverages, including beer, malt liquor, and wine.

22. Upon information and belief, third parties offer and sell competing or related products that use "CATEGORY 5," or variations thereof, including the use of the term "category" along with a number, without any restrictions, enforcement efforts, or quality control by the Defendant.

## THE CONTROVERSY BETWEEN THE PARTIES

23. In or about May, 2021, Defendant's principal called Coastal Brewing and claimed that Plaintiff's use of CAT 5 KEY LIME LAGER infringed Defendant's alleged Florida common law rights in CATEGORY 5 INDIA PALE ALE. Defendant's principal called two additional times, asserting essentially the same allegations and requesting that Coastal Brewing modify its use of CAT 5 KEY LIME LAGER.

24. On June 2, 2021, in response to contact from Plaintiff's counsel, the Defendant's counsel sent a letter demanding that Plaintiff cease and desist all use of CAT 5 KEY LIME LAGER by June 18, 2021. The letter threatened litigation should Plaintiff not comply, and claimed that Plaintiff's use of CAT 5 KEY LIME LAGER or CAT 5 was likely to cause confusion and amounted to trademark infringement.

25. Plaintiff denies that its use of CAT 5 KEY LIME LAGER or CAT 5 (with or without design elements, or variations or components thereof) infringes, unfairly competes with, or dilutes Defendant's alleged rights in CATEGORY 5 INDIA PALE ALE, or any other variations that are used by the Defendant (such as the use of "category" along with a number).

26. Plaintiff denies that it has engaged in any wrongful conduct.

27. The beer industry uses "category" followed by a numeral as a standard reference to gravity to indicate the amount of solids before fermentation. Beer judging competitions often arrange beers according to standardized category numbering. Similarly, it is common for breweries to tier beers by category number to indicate gravity and/or alcohol by volume ("ABV"), or to use categorizing systems in generic contexts.

28. Defendant's allegations of trademark infringement and unfair competition adversely affect Coastal Brewing and will continue to adversely affect it because it will be in doubt as to its rights to continue using CAT 5 KEY LIME LAGER or variations or components thereof on and in connection with its products in Florida and elsewhere, until this Court makes a determination as to Coastal Brewing's rights, and as to the alleged rights that have been asserted by the Defendant in its communications with Plaintiff or otherwise.

29. Defendant's allegations of trademark infringement and threat of imminent legal action unless Plaintiff complies with Defendant's demands have created a real, reasonable and immediate apprehension on the part of Plaintiff that Defendant will file a lawsuit asserting claims against Plaintiff for trademark infringement and unfair competition.

30. Defendant's allegations of trademark infringement and unfair competition create an actual and justiciable controversy regarding Plaintiff's right to use CAT 5 KEY LIME LAGER or variations or components thereof (such as CAT 5). In order to resolve the issues raised by Defendant and to afford relief from the uncertainty and controversy that Defendant's allegations have created, Plaintiff is entitled to a declaratory judgment under 28 U.S.C. §§ 2201 *et. seq*.

31. Declaratory relief here would clarify and settle the legal issues in dispute and would afford relief from the uncertainty, insecurity and controversy giving rise to this action.

## COUNT I
## DECLARATORY JUDGMENT OF
## NON-VIOLATION OF 15 U.S.C. § 1125, DUE TO DEFENDANT'S
## LACK OF PROTECTABLE COMMON LAW TRADEMARK RIGHTS –
## FAILURE TO FUNCTION AS A MARK OR INVALID BECAUSE
## <u>GENERIC OR DESCRIPTIVE</u>

32. Plaintiff hereby re-alleges the allegations set forth in Paragraphs 1 through 31 above as if fully set forth herein.

33. As its first ground for relief, Plaintiff seeks a declaration of non-violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125, because Defendant's CATEGORY 5 INDIA PALE ALE fails to function as a mark, or is generic or merely descriptive with respect to the beer products in connection with which it is used.

34. Because CATEGORY 5 INDIA PALE ALE is not a registered mark at the U.S. Patent & Trademark Office ("USPTO") or in the State of Florida, it is not entitled to any presumption of validity.

35. Defendant did not and cannot establish protectable rights in CATEGORY 5 INDIA PALE ALE at any time prior to Coastal Brewing's first use of CAT 5 KEY LIME LAGER or variations thereof because CATEGORY 5 INDIA PALE ALE fails to function as a mark, is generic, or merely describes the quality and characteristics of the beer products in connection with which it is used.

36. Defendant's CATEGORY 5 INDIA PALE ALE is, in fact, an India Pale Ale. The term "Category 5" refers, *inter alia*, to the relatively higher ABV content of Defendant's CATEGORY 5 INDIA PALE ALE (8.5%) compared to Defendant's CATEGORY 3 INDIA PALE ALE (6.1%). Therefore, Defendant's CATEGORY 5 INDIA PALE ALE is generic or merely describes the nature of the beer as compared to other beers that it sells.

37. Defendant's alleged CATEGORY 5 INDIA PALE ALE mark lacks any secondary

meaning, and/or has not acquired distinctiveness or secondary meaning at any time prior to Coastal Brewing's first use of CAT 5 KEY LIME LAGER or variations thereof.

38. Upon information and belief, CATEGORY 5 INDIA PALE ALE has received de minimis media coverage, and Defendant has done little to promote it.

39. Upon information and belief, Defendant sells relatively little CATEGORY 5 INDIA PALE ALE compared to its other beers.

40. Defendant's CATEGORY 5 INDIA PALE ALE is invalid, unenforceable, cannot obtain secondary meaning, is weak, and/or is otherwise entitled to extremely narrow protection, given the extensive amount of third-party use of similar terms (including the use of "category" along with a number) in the alcoholic beverage industry for identical, similar, related, or complementary goods and services.

41. Therefore, Defendant's CATEGORY 5 INDIA PALE ALE is unprotectable under federal law because it is invalid, unenforceable, and/or unprotectable, and was invalid, unenforceable, and/or unprotectable at the time Coastal Brewing first used CAT 5 KEY LIME LAGER and variations thereof in commerce.

42. Accordingly, Coastal Brewing's use of CAT 5 KEY LIME LAGER does not violate any provision of 15 U.S.C. § 1125.

WHEREFORE, Plaintiff requests that it be granted the relief sought in its Prayer for Relief below.

## COUNT II
## DECLARATORY JUDGMENT OF
## NON-VIOLATION OF FLORIDA LAW DUE TO DEFENDANT'S
## LACK OF PROTECTABLE COMMON LAW TRADEMARK RIGHTS –
## FAILURE TO FUNCTION AS A MARK OR INVALID BECAUSE
## GENERIC OR DESCRIPTIVE

43. Plaintiff hereby re-alleges the allegations set forth in Paragraphs 1 through 31 above

as if fully set forth herein.

44. Plaintiff seeks a declaration of non-violation of Florida law because Defendant's CATEGORY 5 INDIA PALE ALE fails to function as a mark, or is generic or merely descriptive with respect to the beer products in connection with which it is used.

45. Because CATEGORY 5 INDIA PALE ALE is not a registered mark at the USPTO or in the State of Florida, it is not entitled to any presumption of validity.

46. Defendant did not and cannot establish protectable rights in CATEGORY 5 INDIA PALE ALE at any time prior to Coastal Brewing's first use of CAT 5 KEY LIME LAGER or variations thereof because CATEGORY 5 INDIA PALE ALE fails to function as a mark, is generic, or merely describes the quality and characteristics of the beer products in connection with which it is used.

47. The Defendant's CATEGORY 5 INDIA PALE ALE is, in fact, an India Pale Ale. The term "Category 5" refers, *inter alia*, to the relatively higher ABV content of Defendant's CATEGORY 5 INDIA PALE ALE (8.5%) compared to Defendant's CATEGORY 3 INDIA PALE ALE (6.1%). Therefore, Defendant's CATEGORY 5 INDIA PALE ALE is generic or merely describes the nature of the beer as compared to other beers that it sells.

48. Defendant's alleged CATEGORY 5 INDIA PALE ALE mark lacks any secondary meaning, and/or has not acquired distinctiveness or secondary meaning at any time prior to Coastal Brewing's first use of CAT 5 KEY LIME LAGER or variations thereof.

49. Upon information and belief, CATEGORY 5 INDIA PALE ALE has received de minimis media coverage, and Defendant has done little to promote it.

50. Upon information and belief, Defendant sells relatively little CATEGORY 5 INDIA PALE ALE compared to its other beers.

51. Defendant's CATEGORY 5 INDIA PALE ALE is invalid, unenforceable, cannot obtain secondary meaning, is weak, and/or is otherwise entitled to extremely narrow protection, given the extensive amount of third-party use of similar terms (including the use of "category" along with a number) in the alcoholic beverage industry for identical, similar, related, or complementary goods and services.

52. Therefore, Defendant's CATEGORY 5 INDIA PALE ALE is unprotectable under Florida law because it is invalid, unenforceable, and/or unprotectable, and was invalid, unenforceable, and/or unprotectable at the time Coastal Brewing first used CAT 5 KEY LIME LAGER or variations thereof.

53. Accordingly, Coastal Brewing's use of CAT 5 KEY LIME LAGER does not violate any Florida statutory or common law.

WHEREFORE, Plaintiff requests that it be granted the relief sought in its Prayer for Relief below.

## COUNT III
## DECLARATORY JUDGMENT OF
## NON-VIOLATION OF 15 U.S.C. § 1125 DUE TO DEFENDANT'S
## LACK OF PROTECTABLE COMMON LAW TRADEMARK RIGHTS –
## ABANDONMENT FROM FAILURE TO POLICE OR NAKED LICENSING

54. Plaintiff hereby re-alleges the allegations set forth in Paragraphs 1 through 31 above as if fully set forth herein.

55. Coastal Brewing seeks a declaration of non-violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125, because Defendant abandoned any rights to CATEGORY 5 INDIA PALE ALE due to abandonment from failure to police or naked licensing.

56. Upon information and belief, assuming for purposes of this Count only and without waiver of any of Plaintiff's claims or defenses, that Defendant had common law rights in

CATEGORY 5 INDIA PALE ALE, Defendant abandoned any such rights because of its failure to police, its failure to enforce such rights against rampant use by third parties, or the failure to exercise quality control over such use.

57.   The extensive amount of third-party use of "Category 5" or similar terms (including the use of "category" along with a number) in the alcohol beverage industry makes it clear that Defendant has not enforced its purported common law rights against such third-party use, or that is has failed to exercise sufficient quality control over such use.

58.   Upon information and belief, Defendant has permitted another beer producer to use "CATEGORY 5" without exercising sufficient quality control over such use.

59.   Accordingly, Coastal Brewing's use of CAT 5 KEY LIME LAGER or variations thereof does not violate any provision of 15 U.S.C. § 1125.

WHEREFORE, Plaintiff requests that it be granted the relief sought in its Prayer for Relief below.

## COUNT IV
## DECLARATORY JUDGMENT OF
## NON-VIOLATION OF FLORIDA LAW DUE TO DEFENDANT'S
## LACK OF PROTECTABLE COMMON LAW TRADEMARK RIGHTS –
## ABANDONMENT FROM FAILURE TO POLICE OR NAKED LICENSING

60.   Plaintiff hereby re-alleges the allegations set forth in Paragraphs 1 through 31 above as if fully set forth herein.

61.   Coastal Brewing seeks a declaration of non-violation of Florida law, because Defendant abandoned any rights to CATEGORY 5 INDIA PALE ALE due to abandonment or naked licensing.

62.   Upon information and belief, assuming for purposes of this Count only and without waiver of any of Plaintiff's claims or defenses, that Defendant had common law rights in

CATEGORY 5 INDIA PALE ALE, Defendant abandoned any such rights because of its failure to police, failure to enforce such rights against rampant use by third parties, or the failure to exercise quality control over such use.

63. The extensive amount of third-party use of "Category 5" or similar terms (including the use of "category" along with a number) in the alcohol beverage industry makes it clear that Defendant has not enforced its purported common law rights against such third-party use, or that is has failed to exercise sufficient quality control over such use.

64. Upon information and belief, Defendant has permitted another beer producer to use "CATEGORY 5" without exercising sufficient quality control over such use.

65. Accordingly, Coastal Brewing's use of CAT 5 KEY LIME LAGER or variations thereof does not violate any Florida statutory or common law.

WHEREFORE, Plaintiff requests that it be granted the relief sought in its Prayer for Relief below.

**COUNT V**
**DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT UNDER FEDERAL LAW**

66. Plaintiff hereby re-alleges the allegations set forth in Paragraphs 1 through 31 above as if fully set forth herein.

67. Coastal Brewing seeks a declaration of non-infringement under federal law, including under 15 U.S.C. § 1125 and its provisions, because it has not committed acts of trademark infringement or unfair competition.

68. Upon information and belief, assuming for purposes of this Count only and without waiver of any of Plaintiff's defenses, that Defendant has common law rights in CATEGORY 5 INDIA PALE ALE, then there is no likelihood of confusion, mistake, or deception between

Defendant's CATEGORY 5 INDIA PALE ALE and Coastal Brewing's CAT 5 KEY LIME LAGER or variations thereof. Likewise, there have been no false designations of origin, false descriptions, or dilution.

69. Defendant's common law rights, to the extent that they exist, are extremely weak because CATEGORY 5 INDIA PALE ALE coexists with third party use of similar terms in commerce or in Florida (including the use of "category" along with a number).

70. Because of the coexistence with third parties that use similar terms, CATEGORY 5 INDIA PALE ALE is entitled to narrow, limited protection at best.

71. To the extent Defendant's common law rights exist, there is no likelihood of confusion, mistake, or deception between Defendant's CATEGORY 5 INDIA PALE ALE and Coastal Brewing's CAT 5 KEY LIME LAGER or variations thereof.

72. Likewise, Plaintiff's use of CAT 5 KEY LIME LAGER or variations thereof does not give rise to any other claims under the statute, including for unfair competition, false designations of origin, false descriptions, dilution.

73. Below are side-by-side depictions of Coastal Brewing's CAT 5 KEY LIME LAGER, and, upon information and belief, Defendant's CATEGORY 5 INDIA PALE ALE.




74. In both of the above labels, a house mark is displayed ("Coastal Brewing Company" and "Due South Brewing Co."), which distinguishes the source of the products.

75. The overall commercial impression with respect to the sound, appearance, and connotation of CAT 5 KEY LIME LAGER as compared to CATEGORY 5 INDIA PALE ALE (with or without the house marks and overall label designs) is such that the average consumer would easily distinguish the two, and would not confuse the origin of one product for the origin of the other.

76. Flavored, light lager having 4.2% ABV is a sufficiently unrelated product in the market for craft beer as compared to an India pale ale having 8.5% ABV. Such beers are often sold in separate sections of commercial outlets and to sophisticated consumers in the craft beer market.

77. Accordingly, Coastal Brewing's use of CAT 5 KEY LIME LAGER or variations thereof does not constitute trademark infringement or unfair competition under federal law, and does not violate any provisions of 15 U.S.C. § 1125.

WHEREFORE, Plaintiff requests that it be granted the relief sought in its Prayer for Relief below.

### COUNT VI
### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT UNDER FLORIDA LAW

78. Plaintiff hereby re-alleges the allegations set forth in Paragraphs 1 through 31 above as if fully set forth herein.

79. Coastal Brewing seeks a declaration of noninfringement under Florida law because it has not committed acts of trademark infringement or unfair competition.

80. Upon information and belief, assuming for purposes of this Count only and without waiver of any of Plaintiff's defenses, that Defendant has common law rights in CATEGORY 5

INDIA PALE ALE, then there is no likelihood of confusion, mistake, or deception between Defendant's CATEGORY 5 INDIA PALE ALE and Coastal Brewing's CAT 5 KEY LIME LAGER or variations thereof. Likewise, there have been no false designations of origin, false descriptions, or dilution.

81. Defendant's common law rights, to the extent that they exist, are extremely weak because CATEGORY 5 INDIA PALE ALE coexists with third party use of similar terms in commerce or in Florida (including the use of "category" along with a number).

82. Because of the coexistence with third parties that use similar terms, CATEGORY 5 INDIA PALE ALE is entitled to narrow, limited protection at best.

83. To the extent Defendant's common law rights exist, there is no likelihood of confusion, mistake, or deception between Defendant's CATEGORY 5 INDIA PALE ALE and Coastal Brewing's CAT 5 KEY LIME LAGER or variations thereof.

84. Likewise, Plaintiff's use of CAT 5 KEY LIME LAGER or variations thereof does not give rise to claims for unfair competition, false designations of origin, false descriptions, or dilution.

85. Below are side-by-side depictions of Coastal Brewing's CAT 5 KEY LIME LAGER, and, upon information and belief, Defendant's CATEGORY 5 INDIA PALE ALE:

 

86. In both of the above labels, a house mark is displayed ("Coastal Brewing Company" and "Due South Brewing Co."), which distinguishes the source of the products.

87. The overall commercial impression with respect to the sound, appearance, and connotation of CAT 5 KEY LIME LAGER as compared to CATEGORY 5 INDIA PALE ALE (with or without the house marks and overall label designs) is such that the average consumer would easily distinguish the two, and would not confuse the origin of one product for the origin of the other.

88. Flavored, light lager having 4.2% ABV is a sufficiently unrelated product in the market for craft beer as compared to an India pale ale having 8.5% ABV. Such beers are often sold in separate sections of commercial outlets and to sophisticated consumers in the craft beer market.

89. Accordingly, Coastal Brewing's use of CAT 5 KEY LIME LAGER or variations thereof does not constitute trademark infringement and does not violate any provisions of Florida law.

WHEREFORE, Plaintiff requests that it be granted the relief sought in its Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Coastal Brewing requests that this Court enter judgment against Defendant and in favor of Coastal Brewing on its claims as follows:

i. That this Court adjudge and declare that Plaintiff Coastal Brewing's use of CAT 5 KEY LIME LAGER or variations or components thereof does not violate federal law, including 15 U.S.C. § 1125 of the Lanham Act, because Defendant's CATEGORY 5 INDIA PALE ALE fails to function as a mark, is generic, is merely descriptive, and/or because it did not acquire secondary meaning prior to Coastal Brewing's use of CAT

5 KEY LIME LAGER or variations or components thereof;

ii. That this Court adjudge and declare that Plaintiff Coastal Brewing's use of CAT 5 KEY LIME LAGER or variations or components thereof does not violate Florida law, because Defendant's CATEGORY 5 INDIA PALE ALE fails to function as a mark, is generic, is merely descriptive, and/or because it did not acquire secondary meaning prior to Coastal Brewing's use of CAT 5 KEY LIME LAGER or variations or components thereof;

iii. That this Court adjudge and declare that Plaintiff Coastal Brewing's use of CAT 5 KEY LIME LAGER or variations or components thereof does not violate federal law, including 15 U.S.C. § 1125 of the Lanham Act, because Defendant abandoned any alleged protectable rights by failing to police such rights against rampant third-party use, or by engaging in naked licensing by failing to exercise quality control over such use;

iv. That this Court adjudge and declare that Plaintiff Coastal Brewing's use of CAT 5 KEY LIME LAGER or variations or components thereof does not violate Florida law, because Defendant abandoned any alleged protectable rights by failing to police such rights against rampant third-party use, or by engaging in naked licensing by failing to exercise quality control over such use;

v. That this Court adjudge and declare that Plaintiff Coastal Brewing's use of CAT 5 KEY LIME LAGER or variations or components thereof does not constitute infringement or unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, because there is no likelihood of confusion, mistake, or deception with CATEGORY 5 INDIA PALE ALE, and because Plaintiff has not committed any other acts proscribed by the statute;

vi. That this Court adjudge and declare that Plaintiff Coastal Brewing's use of CAT 5 KEY LIME LAGER or variations or components thereof does not constitute trademark infringement or unfair competition under Florida law, including because there is no likelihood of confusion, mistake, or deception with respect to Defendant's CATEGORY 5 INDIA PALE ALE; and

vii. That Plaintiff be awarded any other and further relief that this Court deems just and proper.

Dated: June 9, 2021                                    Respectfully Submitted,

Oliver Alan Ruiz
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
H. Jared Doster
Florida Bar No. 1,024,069
jdoster@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone: (305) 858-8000
Facsimile: (305) 858-0008

*Attorneys for Plaintiff*
