**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 9:21-cv-81028**

COASTAL BREWING COMPANY LLC,

    Plaintiff,

v.

DUE SOUTH BREWING CO. INC.,

    Defendant.
_____/

DUE SOUTH BREWING CO. INC.,

    Counter-Plaintiff,

v.

COASTAL BREWING COMPANY LLC,

    Counter-Defendant.
_____/

## JOINT DISCOVERY MEMORANDUM

Pursuant to the Hearing Procedures in Section III(B) of the Court's Standing Discovery Order (ECF No. 16, hereinafter "Discovery Order"), the parties hereby submit this Joint Discovery Memorandum in advance of the September 9, 2021 Telephonic Discovery Hearing (ECF No. 32).

## JOINT MEMORANDUM

The parties certify that they have complied with the requirements for pre-hearing communications contained in the Court's Standing Discovery Order, including but not limited to telephone conferences between counsel on August 16 and 23, and related written correspondence on at least August 10, 27, and 30. Despite good faith efforts to resolve their differences, the following issues require resolution by the Court. Copies of the source materials are provided.

1. Defendant objects to Requests for Production 3-5. Defendant objects to the production of a settlement agreement with Big Storm Brewing pertaining to the resolution of the case *Big Storm Brewery LLC v. Due South Brewing Co. Inc.*, Case No. 8:16-cv-02405 (M.D.Fla. filed August 22, 2016). That case involved allegations of trademark infringement, pertaining to the same alleged trademarks that are being asserted by Defendant in this case, among others. Defendant has agreed to produce other agreements responsive to these requests under the protective order (e.g., distribution agreements), but has objected to the production of the Big Storm Brewing settlement agreement on grounds of privilege and confidentiality. Plaintiff believes that the Defendant's objections are improper and/or waived (as to relevancy or proportionality, for example), that the settlement agreement is relevant and discoverable, and that it can be at least initially produced under the Protective Order, if there is any confidentiality concern. Defendant's Position: Due South asserts that the terms of its agreement with Big Storm is confidential and has no bearing on Coastal's efforts to use a Mark that Due South has used for nearly a decade.  Now, as a direct competitor and junior user, Coastal is seeking to wrest confidential and unrelated agreements between Due South and a unrelated third party. This is improper and further protected by trade secret privilege and confidentiality.  Merely because a senior and unrelated subsequent user have reached an agreement for use of the Mark, does not relate to, or have any bearing on Coastal's efforts to similarly use the Mark, especially when the senior user (Due South) has taken all reasonable steps to protect the Mark, including contacting Coastal, sending a Cease and Desist Letter and filing a lawsuit.

2. Defendant agreed to produce documents in response to Requests for Production 1, 2, 5, 7-9, 11, 14-15, 17-23, 26-29, 31-33, 37, 42-26, and 48-53. Defendant's responses to these Requests fail to identify document production that corresponds to the request (Discovery Order §

II(D)) and/or provide a date certain for production (Discovery Order § II(E)). Plaintiff requests that the Court order the Defendant to amend its responses accordingly, and to produce documents in its possession, custody, and control (to the extent not already produced).

3. Defendant agreed to produce business records, pursuant to Fed. R. Civ. P. 33(d), in response to Interrogatory Nos. 2, 5, 7, 14, and 15. Defendant's answers to these Interrogatories fail to identify document production that corresponds to the interrogatory and/or provide a date certain for production. Plaintiff requests that the Court order the Defendant to amend its responses accordingly, and to produce documents in its possession, custody, and control (to the extent not already produced).

4. Defendant agreed to produce documents in response to Requests for Production 2, 5, 7, 12, 17, 20-21, 37, and 42-43. Defendant's responses fail to state whether any documents are being withheld on the basis of an objection (Discover Order § II(A)). Plaintiff requests that the Court strike any improper or waived objections, that it order the Defendant to amend its responses accordingly and to produce documents in its possession, custody, and control (to the extent not already produced).

5. Defendant's answers to Interrogatory Nos. 14-15 are incomplete. Defendant answered that it "received two contacts from sales representatives . . . relating to confusion or potential confusion" of the marks at issue, but Defendant failed to identify those sales representatives. Plaintiff believes that this information is responsive and relevant, since Defendant is claiming that these individuals have information "relating to confusion or potential confusion." Plaintiff requests that the Court order the Defendant to amend its responses accordingly.

6. Defendant objects to Requests to Production 17, 20-21, 37, and 42-43. Plaintiff contends that the grounds for objection are improper under the Discovery Order. Specifically, all

of these responses contain nonspecific, boilerplate objections (Discovery Order § II(B)[1]) reciting how the requests are purportedly "overbroad and unduly burdensome and not proportional to the needs of this case." Some responses, such as for Request Nos. 42-43, object to producing documents because of the "terms of confidentiality" of those documents, which is not proper given that there is a protective order in place. Defendant previously agreed to amend these responses, but did not do so in its recently-served amended responses. Plaintiff requests that the Court strike any improper or waived objections, that it order the Defendant to amend its responses accordingly, that it, and to the extent not already produced, that it produce responsive documents in its possession, custody, or control. Due South asserts that each of the aforementioned Requests overstep in reasonableness, breadth, and burden. A simple review of each request will reveal the same. For example, Request 17 seeks all records that identify the individual responsible for Due South's Marketing. While a document has been produced that identifies that clearly individual, seeking all documents that merely identify this individual is unreasonable and is far too burdensome to accomplish the needs and goal of the Request. The next Request, No. 20, similarly seeks all documents sufficient to show every "means, method, or material of advertising or promotion used." This could be interpreted to mean every single social media post in the last nine years of production. While documents have been produced to show all marketing methods and platforms used by Due South as well as some recent examples of marketing, the nearly ten years of history is available online for anyone to view and is simply unduly burdensome for the lone marketing individual of Due South to search back of nine years of promotion. It is questionable whether Coastal has even been making its Category beer for nine years. The rest of the noted Requests are similar in over-reach, such as seeking every single document involved in any prior

---

[1] "The parties shall not make nonspecific, boilerplate objections."

litigation. On its face, this is overbroad and unduly burdensome. Any notable litigation documents sufficient for Coastal's purposes are available on the docket, or otherwise protected by a privilege. Due South is amenable to, and has, produced reasonable records that satisfy the goal of these noted Requests, with the exception of those records that relate to prior litigation, whereby the primary records are all available on the docket.

## SOURCE MATERIALS

Copies of the relevant discovery requests and related pleadings are attached, as follows:

1. Defendant's responses to Plaintiff's Requests for Production, served July 26, 2021.

2. Defendant's answers to Plaintiff's First Set of Interrogatories, served July 26, 2021.

3. Defendant's amended responses to Plaintiff's Requests for Production, served August 27, 2021.

4. Defendant's amended answers [redacted] to Plaintiff's Interrogatories, served August 27, 2021.

5. Complaint from *Big Storm Brewery LLC v. Due South Brewing Co. Inc.*, Case No. 8:16-cv-02405 (M.D. Fla. filed August 22, 2016).

6. Answer filed by Due South Brewing Co. Inc. in *Big Storm Brewery LLC v. Due South Brewing Co. Inc.*, Case No. 8:16-cv-02405 (M.D. Fla.), [ECF No. 29].

7. Printout from Big Storm Brewery website, found at www.bigstormbrewery.com/beer/, accessed on September 7, 2021.

Pursuant to the CM/ECF Administrative Procedures, Justin S. Maya, Esq. has provided consent to Oliver Alan Ruiz to electronically sign this document on his behalf.

Dated: September 7, 2021

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| <u>Oliver Alan Ruiz</u><br>John Cyril Malloy, III<br>Florida Bar No. 964,220<br>jcmalloy@malloylaw.com<br>Oliver Alan Ruiz<br>Florida Bar No. 524,786<br>oruiz@malloylaw.com<br>H. Jared Doster<br>Florida Bar No. 1,024,069<br>jdoster@malloylaw.com<br>MALLOY & MALLOY P.L.<br>2800 S.W. Third Avenue<br>Miami, Florida 33129<br><br>*Attorneys for Coastal Brewing Company* | <u>Justin S. Maya</u><br>Justin Levine<br>Florida Bar No. 106,463<br>justin.levine@csklegal.com<br>Lizza Constantine<br>Florida Bar No. 1,002,945<br>lizza.constantine@csklegal.com<br>Katherine E. Herald<br>Florida Bar No. 1,022,362<br>katherine.herald@csklegal.com<br>Justin S. Maya<br>Florida Bar No. 126,087<br>justin.maya@csklegal.com<br>COLE, SCOTT, & KISSANE, P.A.<br>Esperante Building<br>222 Lakeview Avenue, Suite 120<br>West Palm Beach, Florida 33401<br><br>*Attorneys for Due South Brewing Co.* |