**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:21-cv-81028

COASTAL BREWING COMPANY, LLC,

        Plaintiff,

v.

DUE SOUTH BREWING CO., INC.,

        Defendant.

_____/

## DUE SOUTH'S RESPONSES TO PLAINTIFF'S FIRST REQUEST TO PRODUCE

Due South Brewing Company, Inc. ("Due South") by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 34, hereby serves its Responses to Plaintiff's, Coastal Brewing Company, LLC ("Plaintiff"), First Request to Produce.

Of note, the Confidentiality Stipulation is currently in negotiation and the production of some responsive records will be delayed until the Confidentiality Stipulation is agreed to and/or entered by the Court.

## REQUESTS FOR PRODUCTION

1. All documents, electronically stored information, and things identified in Defendant's Initial Disclosures.

**RESPONSE:**

**Responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

2. All documents, electronically stored information, and things that are identified and/or relied upon by Defendant in responding to Plaintiff's First Set of Interrogatories to Defendant.

**RESPONSE:**

**To the extent any documents are subjected to objections asserted in Due South's Answers to Plaintiff's First Set of Interrogatories, those objections are incorporated fully herein. Remaining responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

3. All documents, electronically stored information, and things pertaining to each and every agreement between Defendant and Big Storm Brewery.

**RESPONSE:**

**Due South objects to this request on the grounds that it calls for production of documents that are protected from disclosure by the attorney-client privilege, work-product doctrine, trade-secret, and the document's terms of confidentiality.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

4. All documents, electronically stored information, and things pertaining to each and every agreement between Defendant and Big Storm Brewery pertaining to alcoholic beverages labelled with the word "category," including but not limited to the following beers:

a.   CATEGORY 1 BELGIAN SINGLE

b.   CATEGORY 2 BELGIAN DUBBEL

c.   CATEGORY 3 BELGIAN TRIPEL

d.   CATEGORY 4 BELGIAN QUADRUPLE

e.   CATEGORY 5 BELGIAN QUINTUPLE

RESPONSE:

Due South objects to this request on the grounds that it calls for production of documents that are protected from disclosure by the attorney-client privilege, work-product doctrine, trade-secret, and the document's terms of confidentiality.

Discovery is ongoing. Due South reserves the right to supplement its response.

5.  All agreements pertaining to Defendant's Alleged Marks, including without limitation, assignments, licenses, franchises, prospectuses, transfers, settlement agreements, merger agreements, co-existence agreements, concurrent use agreements, consent agreements, acquisition agreements, promissory notes, pledges, security interests, encumbrances, and letters of intent.

RESPONSE:

Due South objects to this request on the grounds that it calls for production of documents that are protected from disclosure by terms of confidentiality and proprietary trade-secret.

Discovery is ongoing. Due South reserves the right to supplement its response.

6.  All documents, electronically stored information, and things pertaining to the development, creation, and/or adoption of Defendant's Alleged Marks.

RESPONSE:

Responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying upon the Court's issuance of a Confidentiality Order.

Discovery is ongoing. Due South reserves the right to supplement its response.

7.  All documents, electronically stored information, and things pertaining to each state, federal, and foreign trademark application (pending or abandoned) and registration, fictitious name filing or registration, or other purported reservation of rights, whether subsisting, cancelled, lapsed, abandoned, or otherwise, directed to any of Defendant's Alleged Marks, including but not limited to trademark applications and documents referring to or containing the substance of communications to or from applicable government agents and examiners in connection with prosecution of same, trademark application file histories, and registrations.

RESPONSE:

Due South objects on the basis of attorney-client privilege and trade-secret privilege.

Discovery is ongoing. Due South reserves the right to supplement its response.

8. All documents, electronically stored information, and things sufficient to identify each and every one of Defendant's Alleged Marks.

**RESPONSE:**

**Due South objects to this request on the grounds that "all documents" for "each and every one" of Due South's trademarks is highly overbroad, unduly burdensome, and not proportional to the needs of this case. Producing every single document related to every transaction, of thousands, provides no benefit to the issues raised in this case. The sheer amount of work, effort, cost, and strain this production would place upon the few employees of Due South is highly disproportional to any benefit such a production would provide.**

9. All documents, electronically stored information, and things sufficient to identify, for each and every one of Defendant's Alleged Marks, the goods and services associated with Defendant's Alleged Marks.

**RESPONSE:**

**Due South objects to this request on the grounds that "all documents" for "each and every one" of Due South's trademarks is highly overbroad, unduly burdensome, and not proportional to the needs of this case. Producing every single document related to every transaction, of thousands, provides no benefit to the issues raised in this case. The sheer amount of work, effort, cost, and strain this production would place upon the few employees of Due South is highly disproportional to any benefit such a production would provide.**

10. All documents, electronically stored information, and things sufficient to identify, for each and every one of Defendant's Alleged Marks, the classes of customers for the goods and services associated with Defendant's Alleged Marks.

**RESPONSE:**

**Due South objects to this request on the grounds that "all documents" for "each and every one" of Due South's trademarks is highly overbroad, unduly burdensome, and not proportional to the needs of this case. Producing every single document related to every transaction, of thousands, provides no benefit to the issues raised in this case. The sheer amount of work, effort, cost, and strain this production would place upon the few employees of Due South is highly disproportional to any benefit such a production would provide.**

11. All documents, electronically stored information, and things sufficient to identify the dates of first use of Defendant's Alleged Marks in commerce in the United States and its territories.

**RESPONSE:**

**Due South objects to this request on the grounds that "all documents" for "each and every one" of Due South's trademarks is highly overbroad, unduly burdensome, and not proportional to the needs of this case. Due South will produce responsive documents within the possession, custody or control of Due South that are sufficient to show the dates of first use of Defendant's Alleged Marks in commerce in the United States and its territories.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

12. All documents, electronically stored information, and things sufficient to identify any and all third-party use, attempted registration, and/or registration of the term "CATEGORY," by itself or with other terms or elements, for alcoholic beverages.

RESPONSE:

**Due South objects to this request for "all third-party use" on the grounds that it calls for production of documents that are protected from disclosure by terms of confidentiality, attorney-client privilege and trade-secret privilege.**

**As to "attempted registration and/or registration," responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

13. All documents, electronically stored information, and things sufficient to identify when Defendant became aware of third-party use, attempted registration, and/or registration of the term "CATEGORY," by itself or with other terms or elements, for alcoholic beverages.

RESPONSE:

**Responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

14. All documents, electronically stored information, and things sufficient to identify the geographical location(s) where goods are offered for sale, sold, or distributed under Defendant's Alleged Marks in the United States and its territories.

RESPONSE:

**Due South objects to this request on the grounds that "all documents" is highly overbroad, unduly burdensome, and not proportional to the needs of this case. Due South will produce responsive documents within the possession, custody or control of Due South that are sufficient to show the geographical location(s) where goods are offered for sale, sold, or distributed under Defendant's Alleged Marks in the United States and its territories.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

15. All documents, electronically stored information, and things sufficient to identify the channels of trade for goods offered for sale, sold, or distributed under Defendant's Alleged Marks in the United States and its territories.

**RESPONSE**:

**Due South objects to this request on the grounds that "all documents" is highly overbroad, unduly burdensome, and not proportional to the needs of this case. Producing every single document related to every transaction, of thousands, provides no benefit to the issues raised in this case. The sheer amount of work, effort, cost, and strain this production would place upon the few employees of Due South is highly disproportional to any benefit such a production would provide. Further, Due South objects on the grounds that such request seeks proprietary and trade-secret information.**

16. All documents, electronically stored information, and things sufficient to identify Defendant's corporate structure, including but not limited to Articles of Incorporation, corporate diagrams, and business/division charts.

**RESPONSE**:

**Due South objects on the grounds that this request calls for information that is irrelevant and not likely to lead to the discovery of admissible evidence because Due Souths' corporate structure is not relevant to any claim or defense at issue in this case regarding trademark rights.**

17. All documents, electronically stored information, and things sufficient to identify all person(s) affiliated with Defendant who had primary responsibility for advertising the Defendant's goods and services bearing the Defendant's Alleged Marks, and their specific roles in relation thereto in the United States and its territories.

**RESPONSE**:

**Due South objects to this request on the grounds that "all documents" is highly overbroad, unduly burdensome, and not proportional to the needs of this case. Due South will produce responsive documents within the possession, custody or control of Due South that are sufficient to identify all person(s) affiliated with Defendant who had primary responsibility for advertising the Defendant's goods and services bearing the Defendant's Alleged Marks, and their specific roles in relation thereto in the United States and its territories.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

18. All documents, electronically stored information, and things sufficient to identify all means, methods, and materials of advertising or promotion pertaining to Defendant's Alleged Marks in the United States and its territories, including but not limited to samples of such means, methods, and materials.

**RESPONSE:**

Due South objects to this request on the grounds that this request is overbroad and unduly burdensome and not proportional to the needs of this case. Producing every single document and thing related to all materials of advertising and promotion of each of Due South's trademarks provides no benefit to the issues raised in this case. The sheer amount of work, effort, cost, and strain this production would place upon the few employees of Due South is highly disproportional to any benefit such a production would provide. Responsive documents that are readily accessible will be produced or made available for inspection and/or copying.

Discovery is ongoing. Due South reserves the right to supplement its response.

19. All documents, electronically stored information, and things sufficient to identify, for every means, method, or material of advertising or promotion used for each and every one of Defendant's Alleged Marks, the specific medium in which such advertising or promotion appeared, including but not limited to identifying specific publications, web pages, telephone directories, television programs, or magazine articles.

**RESPONSE:**

Due South objects to this request on the grounds that this request is overbroad and unduly burdensome and not proportional to the needs of this case. Producing every single document and thing related to all materials of advertising and promotion of each of Due South's trademarks provides no benefit to the issues raised in this case. The sheer amount of work, effort, cost, and strain this production would place upon the few employees of Due South is highly disproportional to any benefit such a production would provide. Responsive documents that are readily accessible will be produced or made available for inspection and/or copying.

Discovery is ongoing. Due South reserves the right to supplement its response.

20. All documents, electronically stored information, and things sufficient to identify, for every means, method, or material of advertising or promotion used for each and every one of Defendant's Alleged Marks, the dates during which that product or service was so advertised or promoted.

**RESPONSE:**

Due South objects to this request on the grounds that this request is overbroad and unduly burdensome and not proportional to the needs of this case. Producing every single document and thing related to all materials of advertising and promotion of each of Due South's trademarks provides no benefit to the issues raised in this case. The sheer amount of work, effort, cost, and strain this production would place upon the few employees of Due

South is highly disproportional to any benefit such a production would provide. Responsive documents that are readily accessible will be produced or made available for inspection and/or copying.

Discovery is ongoing. Due South reserves the right to supplement its response.

21. All documents, electronically stored information, and things pertaining to trade shows or trade competitions attended by you at which the Defendant's Alleged Marks were displayed by or on behalf of Defendant.

RESPONSE:

Due South objects to this request on the grounds that this request is overbroad and unduly burdensome and not proportional to the needs of this case. Producing every single document and thing related to all materials of advertising and promotion of each of Due South's trademarks provides no benefit to the issues raised in this case. The sheer amount of work, effort, cost, and strain this production would place upon the few employees of Due South is highly disproportional to any benefit such a production would provide. Responsive documents that are readily accessible will be produced or made available for inspection and/or copying.

Discovery is ongoing. Due South reserves the right to supplement its response.

22. All documents, electronically stored information, and things sufficient to show annual sales figures, stated in round numbers, for the goods and services sold under Defendant's Alleged Marks in the last five years.

RESPONSE:

Responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying upon the Court's issuance of a Confidentiality Order.

Discovery is ongoing. Due South reserves the right to supplement its response.

23. All documents, electronically stored information, and things sufficient to show annual advertising expense figures, stated in round numbers, for the goods and services sold under Defendant's Alleged Marks in the last five years.

RESPONSE:

Responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying upon the Court's issuance of a Confidentiality Order.

Discovery is ongoing. Due South reserves the right to supplement its response.

24. All documents, electronically stored information, and things sufficient to identify any and all predecessors-in-interest or successors in-interest of Defendant, and any and all past and present parents, subsidiaries, divisions, and other affiliates, owned or controlled, in whole or in part, by Defendant.

**RESPONSE:**

**Due South objects on the basis of relevancy, overbreadth, and unduly burdensome.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

25. All documents, electronically stored information, and things affecting ownership, or that may affect ownership, of any rights in Defendant's Alleged Marks (e.g., promissory notes, pledges, security interests, encumbrances, will, trust, testamentary devise, inheritance, and letters of intent).

**RESPONSE:**

**Due South objects on the basis of vague as "affecting ownership" is not defined. For the examples noted by the request, Due South states none.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

26. All documents, electronically stored information, and things pertaining to when Defendant first learned of Plaintiff's use of CAT 5 KEY LIME LAGER.

**RESPONSE:**

**Responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

27. All documents, electronically stored information, and things pertaining to communications between Defendant and third parties regarding Plaintiff, Plaintiff's CAT 5 KEY LIME LAGER, and/or the dispute that gave rise to the instant proceeding, and all documents pertaining to same.

**RESPONSE:**

**Responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

28. All documents, electronically stored information, and things pertaining to Defendant's contention that there is a likelihood of confusion.

**RESPONSE:**

**Due South objects on the basis of work-product privilege. Seeking documents and information that pertains to Due South's "contention" there is likelihood of confusion will reflect the mental impressions of counsel and therefore are protected from disclosure.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

29. Any and all documents, electronically stored information, and things you are aware of which pertain to any instance in which any person has:

a. by word or deed, suggested a belief that, or inquired as to whether Plaintiff or is licensed, sponsored by, or otherwise associated or connected with Defendant or Defendant's products or services, or vice-versa;

b. by word or deed, suggested a belief that, or inquired as to whether Plaintiff or Plaintiff's goods or services are offered by or under the control of, or in any manner related to Defendant or any of Defendant's goods or services, or vice-versa; and

c. been in any way confused, mistaken, or deceived as to the origin or sponsorship of any product or service sold or offered for sale by Plaintiff or Defendant.

**RESPONSE:**

**Responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

30. All documents, electronically stored information, and things pertaining to communications that were intended for Plaintiff that you have ever received.

**RESPONSE:**

None.

**Discovery is ongoing. Due South reserves the right to supplement its response.**

31. All documents, electronically stored information, and things which you did not specifically request or solicit, which you received from a third party, that pertains to Plaintiff, Plaintiff's CAT 5 KEY LIME LAGER, or Plaintiff's goods or services.

**RESPONSE:**

None.

**Discovery is ongoing. Due South reserves the right to supplement its response.**

32. All documents, electronically stored information, and things pertaining to any inquiries received by you, written, oral or otherwise, as to whether any of your products or services are associated with, sponsored by, or in any manner connected with Plaintiff, or vice-versa.

<u>RESPONSE</u>:

None.

**Discovery is ongoing. Due South reserves the right to supplement its response.**

33. All documents, electronically stored information, and things pertaining to or that suggest any instances or possible instances of actual confusion between Plaintiff and Defendant, including but not limited to, misdirected mail, telephone calls, orders, complaints, and inquiries as to affiliation, sponsorship, or relation.

<u>RESPONSE</u>:

**Responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

34. All documents, electronically stored information, and things pertaining to consumer perceptions, or other study, poll, search, survey, or investigation directed to Defendant's Alleged Marks and/or Plaintiff's CAT 5 KEY LIME LAGER (e.g., likelihood of confusion, secondary meaning, fame, or dilution).

<u>RESPONSE</u>:

**Due South objects on the basis of work-product privilege. Seeking documents and information that pertains to likelihood of confusion, secondary meaning, fame, or dilution will reflect the mental impressions of counsel and therefore are protected from disclosure.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

35. All documents, electronically stored information, and things sufficient to show the level of sophistication of the purchasers of the goods and services sold or offered under Defendant's Alleged Marks.

<u>RESPONSE</u>:

**Due South objects on the basis of vague and confusing. It is unclear what type of document or record this request is seeking.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

36. All documents, electronically stored information, and things sufficient to show the degree of care exercised by the purchasers of the goods and services sold or offered under Defendant's Alleged Marks.

**RESPONSE:**

**Due South objects on the basis of vague and confusing. It is unclear what type of document or record this request is seeking.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

37. All documents, electronically stored information, and things sufficient to identify retail price of goods sold under Defendant's Alleged Marks.

**RESPONSE:**

**Due South objects to this request on the grounds that all documents and information to identify retail prices of goods sold under Due South's trademarks is highly overbroad, unduly burdensome, and not proportional to the needs of this case. Producing every single document related to every transaction, of thousands, provides no benefit to the issues raised in this case. The sheer amount of work, effort, cost, and strain this production would place upon the few employees of Due South is highly disproportional to any benefit such a production would provide. Due South will provide documents sufficient to show the retail price of the goods sold in connection with its *Category 5* and *CAT 5* marks.**

38. Any and all documents, electronically stored information, and things pertaining to any actual or contemplated discontinuance or interruption in the use in the United States of Defendant's Alleged Marks.

**RESPONSE:**

**None.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

39. All documents, electronically stored information, and things pertaining to marketing reports, competitive activity reports, and/or surveys pertaining to the Defendant, Defendant's goods and services, and Defendant's Alleged Marks.

**RESPONSE:**

**Due South objects on the basis of relevancy, overbreadth, and unduly burdensome as it relates to the "Defendant" and "Defendant's goods and services" portions of this request. Defendant's entire line of goods and services is not at issue in this case. Responsive documents as it relates to the "Alleged Marks" portion of this request and that are within the possession, custody or control of Due South will be produced or made available for inspection and/or copying.**

Discovery is ongoing. Due South reserves the right to supplement its response.

40. All documents, electronically stored information, and things pertaining to consumer recognition of the Defendant's Alleged Marks.

**RESPONSE:**

Due South objects on the basis of vague and confusing. It is unclear what type of document or record this request is seeking. .

Discovery is ongoing. Due South reserves the right to supplement its response.

41. All documents, electronically stored information, and things pertaining to any trademark search, clearance, investigation, vigilance, or other inquiry, prepared by or on behalf of Defendant pertaining to use, attempted registration, or registration of the Defendant's Alleged Marks, including any references described or identified therein.

**RESPONSE:**

Due South objects to this request on the grounds that it calls for production of documents that are protected from disclosure by the attorney-client privilege, work-product doctrine, trade-secret privilege, and terms of confidentiality.

Discovery is ongoing. Due South reserves the right to supplement its response.

42. All documents, electronically stored information, and things pertaining to any and all litigation involving Defendant's Alleged Marks.

**RESPONSE:**

Due South objects to this request on the grounds that it calls for production of documents that are protected from disclosure by the attorney-client privilege, work-product doctrine, and terms of confidentiality. Due South further objects to this request on the grounds that this request is overbroad and unduly burdensome and not proportional to the needs of this case. Producing every single document and thing related to litigation and Due South's trademarks provides no benefit to the issues raised in this case. The sheer amount of work, effort, cost, and strain this production would place upon the few employees of Due South is highly disproportional to any benefit such a production would provide.

Discovery is ongoing. Due South reserves the right to supplement its response.

43. All documents, electronically stored information, and things pertaining to any and all litigation involving Defendant in any court or administrative agency.

**RESPONSE:**

Due South objects to this request on the grounds that it calls for production of documents that are protected from disclosure by the attorney-client privilege, work-product

doctrine, and terms of confidentiality. Due South further objects to this request on the grounds that this request seeks irrelevant documents and is overbroad and unduly burdensome and not proportional to the needs of this case. Producing every single document and thing related to litigation and Due South's trademarks provides no benefit to the issues raised in this case. The sheer amount of work, effort, cost, and strain this production would place upon the few employees of Due South is highly disproportional to any benefit such a production would provide.

**Discovery is ongoing. Due South reserves the right to supplement its response.**

44. All documents, electronically stored information, and things pertaining Plaintiff, Plaintiff's goods or services, Plaintiff's CAT 5 KEY LIME LAGER, this proceeding, or the dispute which gave rise to this proceeding.

**RESPONSE:**

**Responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

45. All communications between you and Plaintiff.

**RESPONSE:**

**Responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

46. Cease-and-desist letters or demand letters sent to third parties pertaining to Defendant's Alleged Marks.

**RESPONSE:**

**Responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

47. Declarations, affidavits, or other sworn statements of Defendant in actions or proceedings pertaining to the Defendant's Alleged Marks.

**RESPONSE:**

None.

**Discovery is ongoing. Due South reserves the right to supplement its response.**

48. All documents, electronically stored information, and things Defendant intends to rely upon for purposes of these proceedings.

**RESPONSE:**

**Responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

49. All documents, electronically stored information, and things pertaining to Defendant's contention that, "for over eight years," Defendant has used "Category 5" and "Cat 5" as "part of its Category IPA Series."

**RESPONSE:**

**Due South objects to this request on the grounds that all documents and information to identify retail prices of goods sold under Due South's trademarks is highly overbroad, unduly burdensome, and not proportional to the needs of this case. Producing every single document related to every transaction, of thousands, provides no benefit to the issues raised in this case. The sheer amount of work, effort, cost, and strain this production would place upon the few employees of Due South is highly disproportional to any benefit such a production would provide. Due South will provide documents sufficient to show the Marks having been used for at least eight years.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

50. All documents, electronically stored information, and things pertaining to Defendant's contention that "CATEGORY 5" and/or "CAT 5" have acquired secondary meaning or distinctiveness.

**RESPONSE:**

**Due South objects on the basis of vague and confusing. It is unclear what type of document or record this request is seeking.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

51. All documents, electronically stored information, and things pertaining to Defendant's contention that the Defendant's Alleged Marks are valid and enforceable trademarks.

**RESPONSE:**

**Responsive documents within the possession, custody or control of Due South will be produced or made available for inspection and/or copying.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

52.   All documents, electronically stored information, and things pertaining to Defendant's Affirmative Defenses.

**RESPONSE:**

**Due South objects on the basis of work-product privilege. Seeking documents and information pertaining to Due Souths' affirmative defenses will reflect the mental impressions of counsel and therefore are protected from disclosure.**

**Discovery is ongoing. Due South reserves the right to supplement its response.**

53.   All documents, electronically stored information, and things pertaining to any counterclaims asserted, or relief sought, by Defendant in this proceeding.

**RESPONSE:**

**Due South objects to this request on the grounds that it calls for production of documents that are protected from disclosure by the attorney-client privilege and work-product doctrine. Due South further objects to this request on the grounds that this request is overbroad and unduly burdensome and not proportional to the needs of this case. Seeking every single document that may have some slight connection or relation to any of the counterclaims asserted is simply overbroad and unduly burdensome.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

          COLE, SCOTT & KISSANE, P.A.
*Counsel for Due South Brewing Co., Inc.*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (561) 612-3459
Facsimile (305) 373-2294
Primary e-mail: justin.levine@csklegal.com
Secondary e-mail: justin.maya@csklegal.com

By: *s/ Justin S. Maya, Esq.*
JUSTIN B. LEVINE
Florida Bar No.: 106463
JUSTIN S. MAYA
Florida Bar No.: 126087

5888.3270-00/-1